UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKEEL ABDUL JAMIEL,

                Plaintiff,

    v.

CHIEF ROBERT MIR;
DETECTIVE SCOTT GALLIGAN,

                Defendants.

No. 17-CV-7559 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Akeel Abdul Jamiel ("Plaintiff") brings this pro se Action, pursuant to 42 U.S.C. § 1983, against Robert Mir, Chief of Police of the Monticello Police Department ("Chief Mir"), and Scott Gilligan, a Detective with the Monticello Police Department ("Detective Gilligan") (collectively, "Defendants"). Plaintiff alleges that Defendants falsified a lab report to wrongfully charge him with, and ultimately convict him of, possessing a larger quantity of cocaine than he actually possessed. Before the Court is Defendants' Motion To Dismiss. (Not. of Mot. (Dkt. No. 41).) For the following reasons, the Motion is granted.

## I. Background

### A. Factual Background

    The following facts are drawn from Plaintiff's Complaint, (Compl. (Dkt. No. 2)), and supplemental declaration, (Supp. Decl. (Dkt. No. 31)), and are taken as true for the purpose of resolving the instant Motion.

    On April 27, 2017, Plaintiff was arrested on three felony charges: criminal use of a firearm in the first degree, N.Y. Penal Law § 265.09; assault in the first degree, N.Y. Penal Law § 120.10; and criminal possession of a weapon in the second degree, N.Y. Penal Law § 265.03. (Compl. 4.) Subsequently, on July 7, 2017, an additional felony charge of criminal possession of

a controlled substance in the third degree, N.Y. Penal Law § 220.16(12), was brought against Plaintiff in relation to a disputed amount of cocaine found in Plaintiff's possession at the time of arrest. (Compl. 4–5.) As to this latter charge, Plaintiff alleges that Chief Mir and Detective Gilligan "acted in concert[] to manipulate [and] change" the laboratory report analyzing the amount of cocaine seized from Plaintiff. (*Id.*) Specifically, Plaintiff alleges that although the original laboratory report had stated that at the time of arrest Plaintiff was in possession of about 20 grams of cocaine, a revised report falsely stated that Plaintiff was in possession of about 73 grams of cocaine. (*Id.*; *see also id.* at 11 (report); Supp. Decl. 1–2.) Plaintiff contends that Defendants fabricated the laboratory report to strengthen an otherwise weak case and to achieve a lengthier sentence. (Compl. 4–5.)

B. Procedural Background

Plaintiff filed his initial Complaint on October 4, 2017. (Dkt. No. 2.) On October 4, 2017, the Court granted Plaintiff's application to proceed in forma pauperis. (Dkt. No. 4.)

On January 24, 2018, Defendants filed a letter seeking a pre-motion conference in anticipation of moving to dismiss. (Dkt. No. 20.) The Court thereafter set a briefing schedule. (Dkt. No. 24.) On March 5, 2018, Defendants filed an initial motion to dismiss and accompanying papers. (Dkt. Nos. 26–30.)

However, on March 20, 2018, Plaintiff filed a letter styled as a "motion to amend/correct complaint," which the Court construes, in light of the liberal treatment afforded pro se litigants, as a supplemental declaration to the Complaint, rather than as a pleading that entirely replaces the initial Complaint. (Supp. Decl. (Dkt. No. 31).) Defendants filed a responsive letter requesting guidance, (Dkt. No. 34), and on April 13, 2018, the Court permitted Defendants to submit a revised pre-motion letter, (Dkt. No. 35). Defendants did so on April 20, 2018, (Dkt.

No. 37), and on May 1, 2018, the Court set a revised briefing schedule, (Dkt. No. 39).

However, on April 16 and 24, 2018, Plaintiff filed a letter and memorandum in opposition to Defendants' (now-superseded) motion to dismiss. (Letter from Akeel A. Jamiel to Court ("Pl.'s Letter") (Dkt. No. 36); Resp. to Mot. ("Pl.'s Mem.") (Dkt. No. 38).)

On June 1, 2018, Defendants filed the instant Motion To Dismiss and accompanying papers. (Not. of Mot.; Decl. of Adam L. Rodd, Esq. in Supp. of Mot. ("Rodd Decl.") (Dkt. No. 42); Mem. of Law in Supp. of Mot. ("Defs.' Mem.") (Dkt. No. 43).) Plaintiff did not file papers in opposition to the Motion, and the Court deemed the Motion fully submitted. (Dkt. No. 47.) However, in light of the liberal treatment afforded pro se litigants, the Court will consider Plaintiff's prior filings in response to Defendants' first motion. (Pl.'s Letter; Pl.'s Mem.)[1]

## II. Discussion

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Plaintiff's September 14, 2017 guilty plea bars his § 1983 claim for alleged "wrongful accusations in a criminal proceeding." (Defs.' Mem. 6.)[2]

### A. Standard of Review

The Supreme Court has held that, while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

---

[1] On March 20, 2019, Plaintiff submitted a letter stating that "unknown law enforcement individuals" are harassing him in retaliation for his brother's evasion of law enforcement, and requesting the court further "investigate the police foul play and shine a light upon the police retaliation." (Dkt. No. 50.) These allegations are unrelated to those alleged in the Complaint. Accordingly, the Court will not consider them at this time.

[2] Defendants also argue that Plaintiff fails to allege the personal involvement of any Defendant in the alleged constitutional deprivation. (Defs.' Mem. 8.) The Court need not address this argument.

3

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, quotation marks, and alterations omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation marks and alteration omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . ." (quotation marks omitted)).

4

Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the "complaint[] must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks and citation omitted). When a plaintiff proceeds pro se, however, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including, as relevant here, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted).

B.  Analysis

Plaintiff alleges that Defendants falsified a lab report in order to wrongfully convict him of a greater amount of cocaine than he in fact had in his possession.  (Compl. 4–5; Supp. Decl. 1–2; Pl.'s Letter 4, 7; Pl.'s Mem. 1–2.)

The Supreme Court has held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  Under *Heck*, a civil action under § 1983 "is barred (absent prior invalidation) no matter the relief sought . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original).  Put differently, "a § 1983 claim should not function as a means by which to relitigate the facts underlying a conviction."  *Hadid v. City of New York*, 730 F. App'x 68, 71 (2d Cir. 2018).

Plaintiff's allegations of evidence tampering and fabrication fall directly under *Heck*.  On September 14, 2017, Plaintiff pleaded guilty to the sole charge of criminal possession of a controlled substance in the third degree.  (Rodd Decl. Ex. D (certificate of conviction); *id.* Ex. C (transcript of plea hearing).)  Plaintiff has not alleged that his conviction or sentence has been invalidated or otherwise "called into question" in any way.  *Heck*, 512 U.S. at 486–87.  Because Plaintiff has not "achieve[d] favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence," *Muhammad v. Close*, 540 U.S.

749, 751 (2002), his § 1983 claim of evidence tampering "necessarily implicate[s] the validity of his . . . conviction and [is] thus barred by the *Heck* rule," *Cruz v. Reilly*, No. 08-CV-1245, 2009 WL 2567990, at *4 (E.D.N.Y. Aug. 18, 2009) (collecting cases); *see also Warren v. Fischl*, 674 F. App'x 71, 73 (2d Cir. 2017) (holding barred by *Heck* § 1983 claim that the defendants conspired to fabricate evidence and testimony where the plaintiff's underlying conviction was not disturbed); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (holding barred by *Heck* § 1983 claims for false arrest, false imprisonment, and malicious prosecution where the plaintiff "has not demonstrated that his conviction has been invalidated in any manner"); *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (holding barred by *Heck* § 1983 claim that police officers committed perjury and coerced witnesses to wrongfully identify the plaintiff, where the plaintiff "offered no proof that his conviction had been independently invalidated"); *Croft v. Greenhope Servs. for Women, Inc.*, No. 13-CV-2996, 2013 WL 6642677, at *6 (S.D.N.Y. Dec. 17, 2013) ("Because [the plaintiff's] guilty plea is conclusive evidence of probable cause for her arrest, before [she] can pursue her § 1983 claim for false arrest, her conviction must be vacated.").

### III. Conclusion

For the reasons stated above, Defendants' Motion To Dismiss is granted. Dismissal is without prejudice. Should Plaintiff have evidence demonstrating that his conviction has been overturned, invalidated, or otherwise disturbed, Plaintiff may file an amended complaint within 30 days of the date of this Opinion. Any amended complaint will replace, not supplement, the instant Complaint, and must contain all of the claims, exhibits, and factual allegations Plaintiff wishes the Court to consider. If Plaintiff fails to abide by the 30-day deadline, his claims may be dismissed with prejudice.

The Clerk is respectfully directed to terminate the pending Motion, (*see* Dkt. No. 41), to mail a copy of this Order to Plaintiff, and to close this case.

SO ORDERED.

Dated: March 26, 2019
       White Plains, New York

                                                KENNETH M. KARAS
                                                UNITED STATES DISTRICT JUDGE